IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

| | | |
|---|---|---|
| ALEJANDRO GARCIA DE LA PAZ, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| | § | |
| vs. | § | |
| | § | |
| UNITED STATES CUSTOMS AND BORDER PROTECTION | § | CIVIL NO. SA12CA0957DAE |
| OFFICERS JASON COY AND MARIO VEGA AND THE | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| DEFENDANTS | § | |
| | § | |

I, David Antón Armendáriz, declare under penalty of perjury, pursuant to 28 USC 1746, and in support of Plaintiff's motion made under F.R.C.P. 56(d),  that the following information is true and correct to the best of my knowledge:

Defendants have filed pre-answer, pre-discovery motions for summary judgment and in connection therewith Defendants have submitted declarations[1] from Defendant Coy and Vega addressing various allegedly material topics including but not limited to the following:

- Mr. Vega's claims that at the Border Patrol Academy was taught to look out for "suspicious behavior by drivers or passengers, such as slowing down upon seeing marked Border Patrol vehicles, looking at an Agent in a side or rearview mirror, and ... turning heads to look at an Agent," Vega Decl., ¶ 6, despite voluminous case law disallowing an excessive focus on such factors;

---

[1] References to the Defendants' declarations refer to those attached as evidence to the motion for dismissal and/or summary judgment filed by Defendants Coy and Vega.

- Mr. Vega's and Mr. Coy's extremely limited experience conducting roving patrols and investigatory stops prior to Mr. Garcia's seizure, including the "several" vehicle stops that Mr. Vega claims to have effectuated between June of 2009 and October of 2010;

- Defendants' unspecific allegations regarding the extent to which Roads 187 and 337 and the surrounding area are used to advance illegal smuggling efforts; and

- Defendants' unsubstantiated and vague allegations that the CBP station received complaints from unidentified "ranchers and other persons" and "local law enforcement" about "possible alien smuggling" in the weeks prior to Mr. Garcia's seizure. See e.g., Coy Decl., ¶ 5.

Each of the aforementioned categories of evidence has been relied upon by Defendants in support of summary judgment. Plaintiff has no opportunity to take discovery on these categories of evidence because the Defendants' motions for summary judgment have been filed prior to any answer. Mr. Garcia has elsewhere argued in detail that none of the aforementioned supports summary judgment in Defendants' favor and that summary judgment may properly be denied based upon the present filings. Nevertheless, to the extent the Court deems these categories of evidence to actually militate in favor of summary judgment for Defendants, which it should not, Mr. Garcia should be allowed an opportunity to take discovery of the same.

_____
David Antón Armendáriz