IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO, TEXAS

| | | |
|---|---|---|
| ALEJANDRO GARCIA DE LA PAZ, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| | § | |
| VS. | § | |
| | § | |
| UNITED STATES CUSTOMS AND BORDER PROTECTION | § | CIVIL NO. SA12CA0957DAE |
| OFFICERS JASON COY AND MARIO VEGA AND THE | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| DEFENDANTS | § | |
| | § | |

**PLAINTIFF'S BRIEF REGARDING APPLICABILITY OF MIRMEHDI V. U.S.**

Plaintiff, Alejandro Garcia De La Paz, through counsel, respectfully submits that Mirmehdi v. US, 689 F.3d 975 (9th Cir. 2012) is entirely inapplicable to this case.  That case dealt with an alien seeking a remedy for wrongful detention pending deportation proceedings.  Mr. Garcia seeks a remedy for violations of the Fourth Amendment and for torts arising under Texas law in connection with an illegal arrest.  Mr. Garcia is not complaining that he was unlawfully placed in removal proceedings.  He is complaining, rather, that he was illegally seized and arrested on account of which he seeks damages.  Defendants in essence argue that whatever complaints Mr. Garcia has about his arrest must be raised in a removal proceeding.  This position reflect a fundamental misunderstanding of the nature of removal proceedings and the purpose of the INA.

Complaints by a foreign citizen that an immigration agent acted illegally in the course of his or her arrest are almost irrelevant to removal proceedings. See INS v. Lopez-Mendoza, 468 U.S. 1032, 1040 (1984) ("the mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding" (internal quotation marks and brackets omitted)).  An allegation of an illegal arrest is relevant only in a very small sliver of cases where all the stars align to allow the respondent to challenge evidence obtained by the government as a result of the arrest and proffered to prove alienage. See generally, David Antón Armendáriz, On the Border Patrol and Its Use of Illegal Roving Patrol Stops, 14 SCHOLAR 553, 554 (2012) (explaining "the factual and procedural circumstances that enable the Border Patrol to abuse its power to conduct roving patrols with relative impunity").  Even then, the most the person can hope for is the exclusion of evidence and the termination of proceedings. See Diaz-Bernal, 758 F. Supp. 2d at 123 ("The immigration judge here similarly could not have afforded the plaintiffs substantive relief on

their constitutional claims. The most the immigration judge could do was suppress the illegally obtained evidence. That is not a compensatory remedy, but instead a way to prevent greater future injury and deter future misconduct.").  In the vast majority of removal cases, there is no adequate mechanism for challenging the unlawful conduct of officers and, even if successfully challenged, there is no actual compensatory remedy.  An alternative remedy must be "clearly constitutionally adequate" for it to preclude additional remedies under Bivens. Bush v. Lucas, 462 U.S. 367, 378 n. 14 (1983).

Defendants implicitly argue that this Court should decline to recognize a Bivens action here because to do otherwise would be to fail to defer to the political branches on "immigration issues." But Mr. Garcia's case does not raise issues of immigration law.  This case does not concern whether Mr. Garcia is in fact an alien or whether, if so, he actually has permission to be here.  This case concerns whether the Defendant officers illegally arrested him or not.  All the same reasons that demonstrate that the INA provides no remedy for Mr. Torrez' Fourth Amendment violations support the conclusion that the political branches' plenary power over matters of immigration is irrelevant to whether Mr. Garcia may properly bring his Fourth Amendment claims.

Mr. Garcia can cite to numerous cases where persons have been permitted to bring claims against immigration agents for conduct related to illegal seizures.  In Martinez-Aguero v. Gonzalez, 459 F.3d 618 (5th Cir. 2006), cert. denied, 549 U.S. 1096 (2006), for example, the Fifth Circuit recognized that a foreign national had the right to pursue a Bivens claim where she claimed that an immigration officer unlawfully seized and arrested her in violation of the Fourth Amendment while she was on U.S. soil at the U.S./Mexico border seeking admission. See also

3

Chavez v. U.S., 683 F.3d 1102 (9th Cir. 2012) (permitting <u>Bivens</u> claim against Border Patrol officers for racially motivated seizure); <u>Humphries v. Various Federal USINS Employees</u>, 164 F.3d 936 (5th Cir. 1999) (permitting claims for involuntary servitude and mistreatment while in detention); <u>Jasinski v. Adams</u>, 781 F.2d 843 (11th Cir. 1986) (permitting <u>Bivens</u> action against Border Patrol officials arising out of allegedly illegal search of plaintiff's automobile); <u>Sanchez v. Rowe</u>, 870 F.2d 291 (5th Cir. 1989) (acknowledging plaintiff's <u>Bivens</u> claim victory against Border Patrol officer alleging excessive force); <u>Guerra v. Sutton</u>, 783 F.2d 1371 (9th Cir. 1986) (vacating dismissal of FTCA and <u>Bivens</u> claims against immigration officers arrising from allegedly illegal home search).

For the foregoing reasons, this Court should deny the Defendants motions to dismiss based upon any alleged available remedy in immigration court.

.

Respectfully submitted,

David Antón Armendáriz
Texas Bar # 24031708
davida@demottusa.com

De Mott, McChesney, Curtright & Armendáriz, LLP
800 Dolorosa, Suite 100
San Antonio, Texas 78207-4559
(210) 354-1844
(210) 212-2116 Fax
Attorney for Plaintiff

4

CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of June, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, causing the same to be sent electronically to Defendants' counsel, who has consented to electronic service.

_____
David Antón Armendáriz